IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

August 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,    )
                       )
        Appellee,      )        No. 02C01-9806-CC-00176
                       )
                       )        Madison County
v.                     )
                       )        Honorable Franklin Murchison, Judge
                       )
TERRANCE LAVAR FREEMAN, )        (Statutory Rape, Contributing to the
                       )          Delinquency of a Minor)
        Appellant.     )


**DISSENTING OPINION**


I respectfully disagree with the majority opinion's conclusion that the defendant's dual convictions for statutory rape and contributing to the delinquency or unruly behavior of a minor violate the Double Jeopardy Clause of the Tennessee Constitution. I believe that neither the facts nor the law implicate double jeopardy concerns.

In State v. Jessie Spence Tidwell, No. 87-301-III, Dixon County (Tenn. Crim. App. Aug. 17, 1989), app. denied (Tenn. Nov. 27, 1989), the defendant was convicted of 14 counts of rape, 14 counts of incest, and 14 counts of contributing to the delinquency of his minor daughter. This court essentially held that incest and contributing to the delinquency of a minor are not lesser included offenses of rape. All the convictions were affirmed. I see no reason to take a different path now.

I believe that the statutory rape and contributing statutes protect different interests although both relate to minors. The statutory rape statute is predicated upon society's concern for sexual victimization of a child who is assumed not to have

sufficiently mature judgment relative to sexual conduct. In other words, the statute is intended to guard against a person taking improper sexual advantage of a child. On the other hand, the contributing statute reflects society's concern for the active subjection of a child to improper influences that lead the child to violate the law, to behave in ways detrimental to the child's welfare or to fail to become a useful part of society.

In this respect, there was considerable evidence in the present case that the defendant caused the victim to disobey her mother and to skip school, not just to commit sexual acts. Such evidence would easily show that the defendant contributed to the delinquency of and the unruly behavior by the victim. However, the state's argument and the trial court's instructions focused the jury upon the sexual acts as the evidence to be considered on the contributing charge. In any event, even limiting the evidence to the sexual acts, I would hold that the separate convictions for statutory rape and contributing to the delinquency or unruly behavior of a minor should be affirmed.

_____
Joseph M. Tipton, Judge